J. PAUL PALMISANO, Esq.
**ACACIA LAW GROUP**
1839 S. Alma School Rd.
Mesa, Arizona 85210
Tel: 480.557.7800
Fax: 480.966.2568
AZ Bar No.: 012839
Email: jpaul.alg@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| David Otto Schwake, | Case No. CV-15-00696 |
|---|---|
| Plaintiff, | |
| vs. | PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS |
| Arizona Board of Regents; Arizona State University; Arizona State University School of Life Sciences; Michael M. Crow; Kevin Cook; Norean Sablan; Ron Hicks; and Gregory Castle, | |
| Defendants. | |

The Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure claiming Plaintiff's Complaint fails to state a claim. Their motion should be denied because Plaintiff has set forth sufficient facts in his Complaint to support the elements of his claims and the procedural bars alleged by Defendants are without merit.

I.  **STANDARD FOR RULE 12(b)(6) DISMISSAL**

The Defendants seek dismissal of the Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that the Plaintiff failed to state claims on which relief may be granted. In deciding a Rule 12(b)(6) motion, the "central issue" is whether the complaint, viewed in a light favorable to the plaintiff, states a claim for relief. Fed. R. Civ. P. 12(b)(6). It cannot be used to resolve factual issues or the merits of the case. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

1

In order to survive a Rule 12(b)(6) motion, a plaintiff need only plead a short and plain statement of facts showing entitlement to relief, *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003), setting out "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). The Supreme Court elaborated on the dismissal standard, stating "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Dismissal is only appropriate if the plaintiff has not "allege[d] enough facts to state a claim to relief that is plausible on its face." *Turner v. City of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015) (quoting *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008)). This means "a complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (internal quotations omitted).

The Court must assume that all material facts contained in the complaint are true, *Davis v. Monroe*, 526 U.S. 629, 633, 119 S. Ct. 1661 (1999), and construe them in light most favorable to the nonmoving party. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). A district court should grant leave to amend unless it determines that the pleading could not possibly by cured by the allegation of other facts. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Motions to dismiss are disfavored by the federal courts, *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 213 (9th Cir. 1957), even post-*Iqbal*, *see, e.g.*, *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011), because the primary objective of the law is to obtain a determination of the merits of a claim and there are other more effective pretrial procedures to implement for the expeditious handling of legal controversies. *Rennie & Laughlin, Inc.*, 242 F.2d at 213.

/////

## II. OBJECTION TO CONSIDERATION OF EXTRINSIC MATERIALS UNDER RULE 12(B)(6) STANDARD

As an initial matter, Plaintiff objects to the Court's consideration of materials outside the pleadings in this case in this Rule 12(b)(6) proceeding. As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Factual argument is inappropriate in a Rule 12(b)(6) motion, which tests only the legal sufficiency of the complaint. Thus, when matters outside the pleadings are introduced on a Rule 12(b)(6) and the matters are not excluded by the district court, the motion is to be treated as one for summary judgment and disposed of as provided in Rule 56 of the Federal Rules of Civil Procedure with proper notice of the conversion to the nonmoving party. Fed. R. Civ. P. 12(b)(6); *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007).

Under two exceptions to this requirement, a district court may consider extrinsic evidence in a Rule 12(b)(6) motion when: (1) the materials which are properly submitted as part of the complaint and (2) the matters are of public record suitable for judicial notice. *Lee*, 250 F.3d at 688. Neither exception applies here. Defendants attached four exhibits to their Motion to Dismiss: (1) Notice Letter dated August 14, 2014; (2) ABOR Student Disciplinary Procedures; (3) Notice Letter dated November 3, 2014; and (4) Notice of Claim and Amended Notice of Claim. Plaintiff does not rely on any of these materials in his Complaint nor are any of the materials attached to his Complaint as the basis of this claims. Further, none of the materials are matters of public record suitable for judicial notice. Accordingly, Plaintiff objects to the consideration of these materials as part of Defendant's Motion to Dismiss under Rule 12(b)(6).

/////

3

## III. PLAINTIFF HAS SUFFICIENTLY PLEAD HIS FEDERAL CLAIMS UNDER RULE 12(b)(6)

With regard to the merits of Defendants' Motion to Dismiss, Defendants' first argument is for dismissal of Plaintiff's Section 1983 claims based on qualified immunity. Motion, pg. 4.

### A. Defendants Are Not Entitled to Dismissal Of Plaintiff's § 1983 Claims Based On Qualified Immunity

A defendant in a Section 1983 action may assert qualified immunity as a defense if his or her conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). In *Saucier v. Katz*, the Supreme Court set forth a two step process for resolving a qualified immunity claim: the first step being a "constitutional inquiry" and the second step is a "qualified immunity" inquiry. *Saucier*, 533 U.S. 194, 201, 121 S. Ct. 2151 (2001).[1] The "constitutional inquiry" asks whether, when taken in the light most favorable to the non-moving party, the facts alleged show that the official's conduct violated a constitutional right. *Id.* If so, a court would turn to the "qualified immunity inquiry" and ask if the right was clearly established at the relevant time. *Id.* at 201202. The relevant inquiry in determining whether the right violated was clearly established is whether it would be clear to a reasonable official that his conduct was unlawful in the situation presented. *Id.* at 202. A right is clearly established if its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1065 (9th Cir. 2005). The second inquiry must be taken in light of the specific context of the case, not as a broad general proposition. *Id.*

At the motion to dismiss stage, the court must take allegations of complaint as true in determining qualified immunity. *Grant v. City of Long Beach*, 315 F.3d 1081, 1088-89 (9th

---

[1] Since *Saucier*, the Supreme Court has held the two step process does not have to proceed in any particular order. *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808 (2009).

4

Cir. 2002). Thus, granting dismissal on the basis of Rule 12(b)(6) is only appropriate if the court can determine from the face of the complaint that qualified immunity applies. *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001); *Morley v. Walker*, 175 F.3d 756, 761 (9th Cir. 1999) (because allegations in complaint must be taken as true on a motion to dismiss dismissal based on qualified immunity is inappropriate). As shown below, the face of the Complaint does not support the application of qualified immunity to any of Plaintiff's claims.

### 1. Defendants Violated Plaintiff's Constitutional Right to Procedural Due Process that Was Clearly Established

In the Complaint, the Plaintiff asserts his procedural due process rights were violated when Defendants Norean Sablan ("Sablan") and Ron Hicks ("Hicks") banned him from the lab, suspended him, and when Defendant Hicks changed his sanction of suspension to campus access restriction, cancelled his hearing, and informed Plaintiff the decision was final. Compl. ¶¶ 113-114. A procedural due process claim has two elements: deprivation of a constitutionally protected liberty or property interest and denial of adequate procedural protection. *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). Plaintiff had a recognized property and liberty interest in his education and continued studies at the university as well as his PhD research on *Legionella* bacteria in water distribution systems. Compl. ¶¶ 12-13. Where a person's good name, reputation, honor or integrity is at stake because of what the government is doing to him, minimal requirements of the Due Process Clause must be satisfied. *Goss v. Lopez*, 419 U.S. 565, 574, 95 S. Ct. 729 (1975) (citing *Wisconsin v. Constantineau*, 400 U.S.433, 437, 91 S. Ct. 507 (1971)). A suspension for even ten days can seriously damage a student's standing with fellow pupils as well as interfere with later opportunities including employment. *Id.* A student facing expulsion or suspension from a public university is entitled to the protections of due process. *Gomes v. Univ. of Me. Sys.*, 365 F. Supp. 2d 6, 14 (D. Me. 2005) ("The First Circuit has held

that a student's interest 'in pursuing an education is included within the fourteenth amendment's protection of liberty and property.'").

On August 14, 2014, Plaintiff was issued a no-contact directive by Defendant Sablan directing him not to be in any location that fellow PhD candidate Lauren McBurnett ("McBurnett") was based on the alleged complaints she made against him. Compl. ¶¶ 29-31. He was told he should even avoid conferences and seminars she might also attend. Compl. ¶ 32. On September 5, 2014, Plaintiff was suspended for the Fall 2017 semester effective immediately. Compl. ¶ 42. Plaintiff was suspended until December 3, 2014 when he was told verbally his suspension was changed to a three year restricted access to the campus, from course work and from employment. Compl. ¶ 92. Thus, Plaintiff was suspended for four months and his access to the lab where his research was being conducted was severely limited at best and then completely barred during the same time period. Compl. ¶ 42. Plaintiff clearly had a property and liberty interest in his education at ASU and his post-graduate research as part of his education.

Defendants rely on *Souders v. Lucero*, 196 F.3d 1040 (9th Cir. 1999) to support their claim that Plaintiff did not have a constitutionally protected interest in unrestricted access to the campus. But *Souders* can be easily distinguished because it involved two Temporary Protective Stalking Order obtained against an alumnus legitimizing his exclusion from using the campus library and attending open campus events. *Id.* at 1041. The plaintiff's argument for a constitutionally protected interest hinged on whether the university campus was a public forum which he had a right to occasionally visit. *Id.* at 1043. Here, Plaintiff was a student when the access was suspended and the suspension carried over post-graduation to interfere with his research and life's work, which started long before McBurnett made any allegations against him. Therefore, *Souders* does not apply to this case.

As for the second prong of a due process claim, Defendants owed Plaintiff due process before they banned, suspended and then suspended him post-graduation from working on campus. A student is entitled to at least the following bare minimum due process

requirements in an academic setting: (1) the student must be advised of the charges against him; (2) he must be informed of the nature of the evidence against him; (3) he must be given an opportunity to be heard in his own defense; and (4) he must not be punished except on the basis of substantial evidence. *Keene v. Rodgers*, 316 F. Supp. 217, 221 (D. Me. 1970).

Although Defendants claim that Plaintiff does not allege he was denied constitutionally adequate procedures, this is completely false. Plaintiff received a letter on August 14, 2014 stating there were multiple instances of misconduct alleged and now pending against him and he was immediately issued a no contact directive. Compl. ¶¶ 29-31. He then had to attend a meeting the very next day with Defendant Sablan. Complaint, ¶33. He then was given a summary overview of the allegations made by McBurnett. Compl. ¶ 34. He asked to see the alleged complaint, but it was never provided to him. Compl. ¶¶ 34-35. On August 22, 2014 he was then summoned to another meeting in Defendant Sablan's office where he told Sablan the relationship with McBurnett was on and off again but always consensual. Compl. ¶¶ 39-40. Further, there were several inaccuracies in McBurnett's allegations. Compl. ¶ 41. On September 5, 2014 Plaintiff received a letter stating he was found responsible for three violations and was suspended effective immediately. Compl. ¶ 42. The decision was final unless he requested a hearing. Compl. ¶ 43. If requested, he could have a hearing and be able to have counsel present, cross examine witnesses, and present witnesses. Compl. ¶¶ 44-45.

The suspension continued for four months and before the requested hearing could occur, Defendant Hicks told Plaintiff his sanction was changed to essentially a three year suspension from access to the lab and from all post doctoral work, paid or volunteer, at ASU. Compl. ¶ 96. Based on the foregoing, Plaintiff was not properly informed of the nature of the evidence against him, he was not given an opportunity to develop his defense and present it to ASU, there was no hearing to be recorded or for cross-examination or presentation of witnesses despite what was promised, and there was no opportunity to appeal. Plaintiff was never given a meaningful opportunity to be heard or to confront those who asserted serious

allegations against him. Plaintiff also asserts that Defendant Gregory Castle ("Castle") violated his procedural due process rights by communicating directly with Plaintiff despite knowing Plaintiff was represented by counsel. Compl. ¶ 116.

Plaintiff's procedural due process right was also clearly established at the relevant time as to defeat the application of qualified immunity. Defendants Sablan and Hicks understood the ramifications of suspending and expelling a student without sufficient due process. The United States Supreme Court decided *Goss* in 1975. They initially promised Plaintiff a hearing and opportunity to be heard knowing it was required for a suspension. But when it appeared the suspension would not prevent Plaintiff's graduation, they changed their suspension to a limitation of access for three years and decided a hearing was no longer required because Plaintiff would graduate anyway. Compl. ¶¶ 92-95. They found a way to interfere with his research and work for his entire last semester at ASU and then prevent him from continuing and building on the work he loved for three years after his graduation without a hearing in front of an objective tribunal. Therefore, Defendants are not entitled to dismissal of Plaintiff's procedural due process claims based on qualified immunity.

### 2. Defendants Violated Plaintiff's Right to Substantive Due Process that Was Clearly Established

Next, Defendants request dismissal of Plaintiff's substantive due process claims based on qualified immunity. Interestingly, the Defendants claim Plaintiff's substantive due process claim should be dismissed because the Due Process Clause provides procedural protections that cover school discipline. Mot. 7. Thus, Defendants all but admit that Plaintiff has a procedural due process claim. However, Plaintiff also has a substantive due process claim because the two are not mutually exclusive. The "touchstone of due process is protection of the individual from arbitrary governmental action." *County of Sacramento v. Lewis*, 523 U.S. 833, 845, 118 S. Ct. 1708 (1998) (internal quotations omitted).

To establish a substantive due process claim under Section 1983, a plaintiff must show: (1) the particular interest at issue is protected by the Fourteenth Amendment; and (2) the government's deprivation of that protected interest shocks the conscience. *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (stating that substantive due process "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty'"). The Defendants' pattern over four months of denying Plaintiff access to his research and work constitutes actions that shock the conscience. Compl. ¶¶12-42. Plaintiff has plead sufficient facts to support he had a protected liberty and property interest in his education and research and that Defendants Sablan, Hicks and Castle's actions over the four months of denying Plaintiff the ability to conduct and complete his life's work shocks the conscience. Accordingly, his substantive due process claim should not be dismissed.

### 3. Defendants Violated Plaintiff's Constitutional Right to Privacy that Was Clearly Established

The Defendants also claim that Plaintiff's constitutional right to privacy claim should be dismissed as a matter of law despite admitting that the existence of a right to privacy is debatable. Mot. 8. It is inappropriate to dismiss Plaintiff's right to privacy claim on a Rule 12(b)(6) motion because the right *may* be debatable. There is a constitutional "individual interest in avoiding disclosure of personal matters" by the government. *Whalen v. Roe*, 429 U.S. 589, 599, 97 S. Ct. 869 (1977). The interest has been defined by the Fifth Circuit as "the right to be free from the government disclosing private facts about its citizens." *Ramie v. City of Hedwig Village, Tex.*, 765 F.2d 490, 492 (5th Cir. 1985). Further, as Defendants admit, the Ninth Circuit has found the Constitution protects an individual's interest in avoiding disclosure of personal information. *NASA v. Nelson*, 530 F.3d 865, 877 (9th Cir. 2008). Although the case was reversed by the Supreme Court, the recognition of the right to privacy was not overturned. *NASA v. Nelson*, 562 U.S. 134, 131 S. Ct. 736 (2011).

Here, Plaintiff alleges facts to support his right to privacy was violated. The details of the allegations made against Plaintiff and the disciplinary steps taken against him were disclosed by those involved to Defendant Thomas Seager ("Seager"). Compl. ¶ 58. Defendant Seager then not only openly discussed Plaintiff's case with others but used Plaintiff's case as a prompt for discussion in his classes going as far as using Plaintiff's name and accusing him of being convicted of sexual assault. Compl. ¶¶ 46-58. Any interest in maintaining a safe educational environment is not furthered by open discussions of Plaintiff's case and using the Plaintiff and his private ordeal as a discussion point. Another faculty member, Dr. Amy Landis, filed a formal complaint regarding Defendant Seager's disclosure of information, Compl. ¶¶ 50-52, and students in Defendant Seager's classes complained of his misuse and disclosure of Plaintiff's private information. Compl. ¶ 56. Further, it would be clear to a reasonable school official such as Defendants Sablan, Hicks and Seager that their conduct was unlawful in disclosing Plaintiff's private information to other staff and students in the situation presented.

Defendants cite to *Wyatt v. Fletcher*, 718 F.3d 496 (5th Cir. 2013) for support that school official's discussion of private matters does not violate a right to privacy. Motion, pg. 10. However, *Wyatt* is clearly distinguishable in that the case involved a coach speaking to a parent about the student's sexual orientation. The Fifth Circuit noted that it had "never suggested that a privacy interest precludes school authorities from discussing with parents matters that relate to the interests of their children." *Wyatt*, 718 F.3d at 505. *Wyatt* obviously does not fit the facts of this case. Accordingly, Defendants are not entitled to dismissal of Plaintiff's constitutional right to privacy claim.

**B.    Defendants Are Not Entitled to Dismissal of Plaintiff's Title IX Claim**

Moving on, Defendants next argue that Plaintiff's Title IX claim should be dismissed because Plaintiff does not allege facts that plausibly suggest he is entitled to relief. Mot. 11. Section 901(a) of Title IX provides:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681(a). Title IX is enforceable through an implied right of action. *Cannon v. Univ. of Chicago*, 441 U.S. 677, 716, 99 S. Ct. 1946 (1979). Plaintiff asserts a Title IX claim under the theory of "erroneous outcome."

In an "erroneous outcome" case, the plaintiff challenges the university disciplinary proceeding on grounds of gender bias by arguing the plaintiff was innocent and wrongly found to have committed the offense. *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994). Here, Plaintiff asserts sufficient facts to plausibly suggest he is entitled to relief. Defendant ASU, through the acts of its officials, wrongfully found Plaintiff to have committed the offenses alleged by McBurnett. Compl. ¶¶124-126. Plaintiff alleges the decision was gender based because he was discouraged from filing a complaint against his female accuser, his confidentiality of the student disciplinary process was compromised, and other male students had been discriminated against by ASU because the male is invariably found guilty in sexual harassment proceedings at ASU. Compl. ¶¶ 124-131. Thus, it is plausible based on the facts pled that ASU violated Title IX.

IV. **DEFENDANTS ARE NOT ENTITLED TO DISMISSAL TO PLAINTIFF'S STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**

Lastly, Defendants argue Plaintiff's state law claims against Defendant ASU and the Individual Defendants should be dismissed. Mot. 12. Plaintiff is not pursuing state law claims against the ASU Board of Regents as ASU is protected by Eleventh Amendment immunity. However, Plaintiff is still pursuing his claims against the Individual Defendants.

Defendants allege Plaintiff's state law claims against the Individual Defendants should be dismissed because Plaintiff's alleged Notice of Claim which Defendant attached to the Motion failed to provide notice of claim as required by a Arizona state statute as to Defendants Sablan, Hicks and Seager. Mot. 13. Plaintiff objects to the use and consideration

of the Defendants' exhibit in this Rule 12(b)(6) failure to state a claim proceeding because it is extrinsic evidence and should only be considered as part of a Rule 56 summary judgment proceeding. In order to rebut the Defendants allegations, Plaintiff would be required to produce evidence outside the pleadings which is inappropriate under Rule 12(b)(6). If the Court decides to consider the Defendants' evidence, then Plaintiff asks this proceeding be converted to a summary judgment proceeding and Plaintiff provided sufficient notice to prepare a response under a Rule 56 standard.

Alternatively, if the Court considers the evidence, then Plaintiff's argue that service on the Board of Regents office was sufficient for the individuals. Plaintiff served ASU with the Notice of Claim based upon prior communications. Section 12-821.01 provides:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona Rules of Civil Procedure within one hundred eighty days after the cause of action has accrues.

A.R.S. § 12-821.01(A). In turn, Rule 4.1(d) of the Arizona Rules of Civil Procedure requires service upon individuals personally, with another individual residing with the person or upon the person's appointed agent. Ariz. R. Civ. P. 4.1(d). Thus, to perfect his claims against the individual defendants, Plaintiff had to deliver notice of claim to the individual personally, an individual of suitable age and discretion residing with the individual, or the individual's appointed agent. However, the notice of claim statute is subject to estoppel and equitable tolling. *Jones v. Cochise County*, 187 P.2d 97, 104 (Ariz. Ct. App. 2008). Because both are equitable doctrines, the trial court acts as the factfinder and determines if they should apply. *McCloud v. State*, 170 P.3d 691, 695 (Ariz. Ct. App. 2007). Generally, when the facts are undisputed, the district court's decision regarding equitable estoppel is reviewed for an abuse of discretion. *Johnson v. Henderson*, 314 F.3d 409, 413-14 (9th Cir. 2002).

The doctrine of equitable estoppel is based on the principle that a party "should not be allowed to benefit from its own wrongdoing." *Collins v. Gee West Seattle LLC*, 631 F.3d 1001, 1004 (9th Cir. 2011). The doctrine "focuses primarily on the actions taken by the

defendant in preventing a plaintiff from filing suit." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000). In this Circuit, the plaintiff carries the burden of pleading and proving the following elements of equitable estoppel: (1) knowledge of the true facts by the party to be estopped; (2) intent to induce reliance or actions giving rise to a belief in that intent; (3) ignorance of the true facts by the relying party; and (4) detrimental reliance. *Bolt v. United States*, 944 F.2d 603, 609 (9th Cir. 1991). Additionally, when estoppel is sought against the government, "there must be affirmative misconduct (no mere negligence) and a serious injustice outweighing the damages to the public interest of estopping the government." *Id.* Equitable estoppel applies to bar a statute of limitations defense "when a plaintiff who knows of his cause of action reasonably relies on the defendant's statements or conduct in failing to bring suit." *Stitt v. Williams*, 919 F.2d 516, 522 (9th Cir. 1990).

In this case, the Arizona Board of Regents has prepared and issued a form, entitled "Notice of Claim Against Board of Regents," for a claimant's use to comply with Section 12-821.01(A). The form represents that it encompasses all claims against, not only ASU or the Board of Regents, but any university employee under the Board of Regent's control. At its top, the form states the "claim must be filed in accordance with Section 12.821.01." However, at the bottom, the form direct the claimant to "file as follows: Arizona Board of Regents, 2020 N. Central Ave., #230, Phoenix, AZ 85004-4593, Attn: Board Secretary." To the immediate right, the form states: "University offices or officials cannot accept this form. Please direct it solely to the address shown to the left." The form contemplates that a single monetary amount of the claim be provided without division between individuals, and the form also contemplates a single factual statement "supporting the monetary claim." This, the claimant using the form would provide a factual background for his claims that includes all university individuals, apart from the Board of Regents and ASU. However, since the form directs filing of the form only with the Board of Regents at the address listed, and not any other university officials, a claimant would rely on this direction to file the form only

13

with the Board of Regents, and not any individuals included in the factual statement supporting the claims.

Here, Plaintiff used the Board of Regents form to file his claim against the Board of Regents, ASU, Sablan, Hicks and Seager. The factual statement asserts claims against Defendants Sablan, Hicks and Seager. Further, Plaintiff, as directed on the form, filed if at the address listed, and not any other university officials who "could not accept the form." In effect, the Board of Regents has issued the Notice of Claim form to trap claimants into providing their entire claim against the university officials on the form, but then limit service of the form to only the Board of Regents, knowing that failure to serve the individuals would bar those claims under Section 12-821.01. Therefore, the individual defendants are estopped from asserting the failure to serve defense against Plaintiff. Defendants rely on several cases that find the public employees must be personally served with the notice of claim. *See DeBinder v. Alberston's, Inc.*, No. CV 06-1804-PCT-PGR, 2008 WL 828789, at *3 (D. Ariz. Mar. 26, 2008); *Harris v. Cochise Health Sys.*, 160 P.3d 223, 230 (Ariz. Ct. App. 2007); *Johnson v. Superior Court*, 763 P.2d 1382, 1384 (Ariz. Ct. App. 1988). However, none of these cases involved the service of ASU professors or the Board of Regents own Notice of Claim form which directs service with the Board of Regents.

V.         **PLAINTIFF'S ALTERNATIVE REQUEST FOR LEAVE TO AMEND**

In the alternative to the above arguments, if the Court is inclined to grant Defendants' request, Plaintiff asks for leave to amend his Complaint to further set forth the factual basis of his claims with more particularity. Although courts have discretion to manage their dockets, there is a "strong presumption" in favor of allowing an amendment. *Fin. Acquisition Partners, L.P. v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006). In the absence of some apparent or declared reason not to do so, leave to amend should be freely given, *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000), and refusal to do so can constitute an

abuse of discretion. *Schreiber Distrib. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Accordingly, Plaintiff requests an opportunity to demonstrate to this Court that there are sufficient facts in this case to support his claims.

## CONCLUSION

For all of the above reasons, Plaintiff prays that the Defendants' Motion be DENIED. Strictly in the alternative, Plaintiff requests the Court grant leave for him to amend his Complaint in order to plead as ordered by this Court. Plaintiff prays for such other and further relief, general or special, in law or in equity, to which he may prove himself to be justly entitled.

Dated: April 1, 2016          JOSEPH P. PALMISANO

By: s/ Joseph P. Palmisano
JOSEPH P. PALMISANO
**ACACIA LAW GROUP**
1839 S. Alma School Rd.
Mesa, Arizona 85210
Tel: 480.557.7800
Attorney for Plaintiff Schwake

## CERTIFICATE OF SERVICE

On the 1st day of April 2016, the undersigned hereby certifies that the foregoing Response was electronically filed with the Clerk of the Court using the ECF system and Counsel for Defendants will automatically receive notice of such filing in accordance with the Federal Rules of Civil Procedure.

s/ Joseph P. Palmisano
JOSEPH P. PALMISANO