Mark Brnovich
Attorney General

Michael K. Goodwin, Bar No. 014446
Ann Hobart, Bar No. 019129
Assistant Attorneys General
1275 W. Washington
Phoenix, Arizona 85007-2997
Telephone: (602) 542-7674
Facsimile: (602) 542-7644
Michael.Goodwin@azag.gov
Ann.Hobart@azag.gov

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Otto Schwake,<br><br>Plaintiff,<br><br>vs.<br><br>Arizona Board of Regents; Michael M. Crow; Kevin Cook; Norean Sablan; Ron Hicks; Gregory Castle; and Thomas Seager,<br><br>Defendants. | Case No. CV15-00696-PHX-SPL<br><br>**REPLY RE: MOTION TO DISMISS** |

Plaintiff does not contest that his state-law claims against the Arizona Board of Regents (ABOR) are barred by the Eleventh Amendment. (Response [doc. 32] at 11.) His Title IX claim against ABOR is insufficient as a matter of law. His § 1983 claims against the individual Defendants are barred by qualified immunity, and his state-law claims against them are barred by his failure to serve them with a notice of claim, a prerequisite to suit. Because Plaintiff fails to state a claim for relief, his Complaint should be dismissed.

**I.     The Exhibits to the Motion to Dismiss Are Appropriate for Consideration.**

Plaintiff first objects to the Court's consideration of the four exhibits attached to the Motion to Dismiss. (Response at 3.) While Plaintiff is correct that extrinsic

materials may not be considered on a Rule 12(b)(6) motion, he is incorrect in calling the exhibits extrinsic. A document is not outside the complaint, and therefore may be considered, if it is referred to in the complaint and its authenticity is not questioned. *Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir. 1997). The court may also consider a document on which the complaint necessarily relies if the document is central to the plaintiff's claim. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Matters subject to judicial notice are also appropriate for consideration. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001.) All of the exhibits fall into at least one of these categories.

Exhibit 1 to the Motion to Dismiss is Defendant Norean Sablan's letter of August 14, 2014, giving notice to Plaintiff of allegations against him. (Doc. 19-1.) Plaintiff summarizes and quotes from the letter in his Complaint. (Compl., ¶¶ 29-31, 33.) The letter is thus part of the Complaint. *See Cooper*, 137 F.3d at 623 ("a court ruling on a motion to dismiss may consider the full texts of documents which the complaint quotes only in part"). The letter is also central to Plaintiff's claim that he was not afforded due process.

Exhibit 2 is the ABOR Student Disciplinary Procedures, ABOR Policy 4-401 to 404.[1] Plaintiff references these procedures in his Complaint. (Compl., ¶¶ 44-45, 59-60, 93-94.) The procedures are also central to Plaintiff's claim that he was not afforded due process. The procedures are also properly subject to judicial notice. *See Daglian v. Devry Univ., Inc.*. 2007 WL 5625508, *2 (C.D. Cal. 2007) (taking judicial notice of information on UCLA's website and observing that courts regularly take judicial notice of official policies and records posted on government agency websites); *Dao v. Univ. of California*, 2004 WL 1824129, at *3-4 (N.D. Cal. 2004) (taking judicial notice of university personnel policy "on the basis that it is a record of an administrative body").

---

[1] Defendants inadvertently submitted a different policy and have now filed a Notice of Errata containing the correct Exhibit 2 (doc. 33).

2

Exhibit 3 is Defendant Ron Hicks' letter of November 3, 2014, giving notice to Plaintiff of new allegations against him and placing him on interim suspension. Plaintiff refers to and describes the letter in his Complaint. (Compl., ¶¶ 79-80.) The letter is thus part of the Complaint, and it is also central to Plaintiff's claim that he was not afforded due process.

Exhibit 4 is Plaintiff's Notice of Claim and Amended Notice of Claim. Because the Notice of Claim and Amended Notice were filed with Defendant ABOR in relation to this action, and because they are on an official form and their authenticity is unquestioned, they are suitable for judicial notice. Even if the Notice of Claim and Amended Notice are deemed extraneous, the Court should consider them. The issue of Plaintiff's noncompliance with the notice-of-claim statute is already before the Court, and the Notice of Claim and Amended Notice provide the record for deciding the issue. The Court could convert that portion of the motion dealing with the notice of claim to one for summary judgment, and give Plaintiff notice of the conversion. Plaintiff has already addressed the issue, and it would be a waste of judicial resources to delay resolution of the issue.

## II. Plaintiff Has Not Alleged the Deprivation of a Clearly Established Right.

### A. Procedural Due Process

Plaintiff contends that he had "a property and liberty interest in his education at ASU and his post-graduate research as part of his education." (Response at 6.) However, he identifies no factual allegations and makes no argument to support any liberty interest. He likewise offers no allegations or argument to support a property interest in post-graduate research. Under the reduced sanction imposed on him, Plaintiff was permitted to receive his Ph.D. and given a three-year campus restriction. (Compl., ¶ 96.) He cannot point to any statute or rule that gave him "a legitimate claim of entitlement" to work at ASU or to access designated labs or buildings on campus following his graduation.

Assuming Plaintiff had a property interest in his education prior to graduation, he fails to identify how he was deprived of it. He incorrectly contends that he was suspended for four months. Allegations contradicted by documents referenced in the Complaint or properly subject to judicial notice need not be taken as true. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2002). Plaintiff was given notice of a suspension, but he appealed. (Compl., ¶¶ 42-43, 59-60.) By operation of the disciplinary procedures, the filing of an appeal stayed the suspension. (Exhibit 2 [Amended ABOR Policy 5-403(C)(12)].) Soon thereafter, the suspension was changed to a campus restriction, and Plaintiff graduated with his Ph.D. He suffered no deprivation of property and liberty protected by the Due Process Clause.

Even if he did, he makes no meaningful argument that the procedures afforded him were constitutionally inadequate. He acknowledges that he received notice of the allegations against him (Compl., ¶¶ 29-30; MTD Exhibit 1) and multiple opportunities to present his side of the story. (Compl., ¶¶ 33-34, 39-41.) He now makes the conclusory assertions that he was "not properly informed" of the evidence against him or given a "meaningful" opportunity to be heard but offers no support for these conclusions. His main complaint is that he did not have an appeal hearing. But he fails to address the cases saying that an appeal is not constitutionally required, or to point to any authority suggesting that an appeal or trial-like evidentiary hearing is constitutionally required for the campus restriction imposed on him.

In addition, Plaintiff fails to demonstrate that the contours of the right to procedural due process were clearly established. He does not mention, much less attempt to apply, the balancing test of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). He simply says that *Goss v. Lopez* was decided in 1975, but that case emphasized that the requirements of due process would vary depending on the circumstances, such as the seriousness of the disciplinary action. 419 U.S. at 581-84. Plaintiff has not pointed to any controlling precedent that would have put a reasonable official on notice that the alleged actions of Sablan, Hicks, and Castle violated due process.

**B.     Substantive Due Process**

Plaintiff's sole argument concerning substantive due process is that the actions of Sablan, Hicks, and Castle shock the conscience. (Response at 9.) He makes no attempt to explain how any of their alleged actions in carrying out the university's disciplinary procedures was conscience-shocking. He fails to address the cases that have rejected substantive due process claims in the school-discipline context, or to identify authorities that have found a substantive due process violation in this context. It is the Plaintiff's burden to show that the right to substantive due process was clearly established. *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011). Because Plaintiff has in no way shown that the contours of the right were sufficiently clear that a reasonable official would have understood that disciplining him for sexual misconduct violated substantive due process, Defendants Sablan, Hicks, and Castle are entitled to qualified immunity. *Krainski v. Nevada ex rel. Bd. of Regents*, 616 F.3d 963, 970 (9th Cir. 2010); *cf. Lum v. Jensen*, 876 F.2d 1385 (9th Cir. 1989) (discussing substantive due process and finding that it is not clearly established in the context of public employment).

**C.     Right to Privacy**

In a heading, Plaintiff contends that his constitutional right to privacy was "clearly established," but he provides no support for this conclusion. (Response at 9-10.) His citation to a handful of cases that have recognized a right to privacy in other contexts is not enough to overcome qualified immunity. As discussed above, the scope and contours of the right must be clearly established in a "particularized" sense. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Plaintiff alleges that the individual Defendants talked about his disciplinary case. He is unable to point to any authority holding such a disclosure unconstitutional. He attempts to distinguish *Wyatt v. Fletcher*, 718 F.3d 496 (5th Cir. 2013), on its facts. But the significance of *Wyatt* lies in its recognition that there is no clearly established constitutional right to informational privacy. *Id*. at 508-09; *see also Wampler v. Carson*

5

*City Sheriff*, 2012 WL 3205943, at * 7 (D. Nev. 2012) (describing the right as "murky, at best" and the scope of the right as "unclear").

### III. Plaintiff Has Not Alleged a Violation of Title IX.

Plaintiff fails to identify any "particular facts sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding." *See Doe v. Columbia University*, 101 F. Supp.3d 356, 367-68 (S.D.N.Y. 2015). Nor has he set forth particularized facts indicating that gender was a motivating factor for an erroneous disciplinary decision. *Id.*; *see also Salau v. Denton,* 2015 WL 5885641, at * 3-4 (W.D. Mo. 2015), appeal dismissed. His Title IX claim is insufficient and should be dismissed.

### IV. Plaintiff's Failure to Comply with the Claim Statute Bars His State-Law Claims Against the Individual Defendants.

Plaintiff does not dispute that he failed to file a notice of claim with the individual defendants Hicks, Sablan, Castle, and Seager. He reiterates his objection to the Notice of Claim and Amended Notice (Exhibit 4 to the Motion to Dismiss). As discussed above in Section I, the Court should take judicial notice of the Notice of Claim and Amended Notice, or it should convert the motion to one for summary judgment insofar as it relates to the issue of noncompliance with the notice-of-claim statute.

Plaintiff argues that Hicks, Sablan, Castle, and Seager should be equitably estopped from raising the notice-of-claim defense. (Response at 12-13.) The doctrine of equitable estoppel is inapplicable. The elements of estoppel are (1) the party to be estopped commits acts inconsistent with a position it later adopts; (2) reliance by the other party; and (3) injury to the latter resulting from the former's repudiation of its prior conduct. *Gorman v. Pima County*, 287 P.3d 800, 804-05, ¶ 21 (Ariz. App. 2012). When applied to a government actor, the actions relied on must bear some "considerable degree of formalism." *Id.* at 805. Estoppel applies only to the authorized acts of government officials when necessary to prevent a "serious injustice." *Id.*

Plaintiff's estoppel argument meets none of these requirements. He fails to identify any acts—let alone formal acts—by Hicks, Sablan, Castle, or Seager that caused

him not to serve them with a notice of claim. He merely argues that his service of a Notice of Claim and Amended Notice of Claim on ABOR, using a form prepared by ABOR, was sufficient also for service on the individual Defendants. This argument cannot be squared with either the form or the statute. The form is expressly designed to be used for filing a "Notice of Claim *Against the Arizona Board of Regents*." (Exhibit 4 [emphasis added].) It does not instruct claimants where or how to file claims against individuals. *Id*. It contains space for a claimant to fill in information regarding the claim and it lists the address and person to which service of the notice of claim should be made. *Id*. The form thus promotes compliance with the notice-of-claim statute for claims against ABOR. The form is optional; most notices of claim are letters. Plaintiff's use of the form in no way prevented or excused him from the requirement of serving a notice of claim on Hicks, Sablan, Castle, or Seager.

Indeed, the form states that a "claim must be filed in accordance with A.R.S. § 12-821.01." *Id*. The statute expressly provides that a notice of claim must be filed with the "person or persons authorized to accept service for the public entity, public school or public employee." A.R.S. § 12-821.01(A). No reasonable person would interpret the language "in accordance with" on the form to mean that he need not comply with the statute. Similarly, no reasonable person would think that service of a notice of claim on one party would constitute service on all parties.

Plaintiff's failure to serve a notice of claim on Hicks, Sablan, Castle, or Seager is fatal to his state-law claims against them. Plaintiff has made no showing that any of them took any action that led him not to serve them with a notice of claim. Plaintiff's equitable estoppel argument must be rejected.

**V.     Plaintiff Should Not Be Given Another Chance to Amend His Complaint.**

Plaintiff argues that he should be allowed to amend to amend his complaint. While it is sometimes appropriate to give a plaintiff an opportunity to cure deficiencies, it is not appropriate here. First of all, Plaintiff's complaint is *legally* defective. The defects are not curable. No amendment to the complaint would permit Plaintiff to

7

maintain state-law claims against the individually named Defendants when he has not served them with a notice of claim. No amendment to the complaint would permit Plaintiff to maintain a § 1983 claim against them either because the predicate rights invoked here—due process and informational privacy—were not sufficiently clearly established in a "particularized sense" required to overcome qualified immunity.

In addition, Plaintiff has already had an opportunity to amend his complaint, and he refused. The court instructed the parties to meet and confer before the motion to dismiss to discuss whether deficiencies in the complaint could be cured by amendment. (Doc. 4.) The parties did meet and confer. (Exhibit A.) Plaintiff dismissed the concerns raised by Defendants and declined to make any changes to his complaint. (Doc. 20.) He has pleaded his best possible case, and should not be given another opportunity to do what he refused to do earlier.

Respectfully submitted this 22nd day of April, 2016.

    Mark Brnovich
    Attorney General


    s/Michael K. Goodwin
    Michael K. Goodwin
    Ann Hobart
    Assistant Attorney General
    Attorneys for Defendants

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant, this 22nd day of April, 2016, to:

J. Paul Palmisano
Acacia Law Group
1839 S. Alma School Road
Mesa, Arizona 85210
Attorney for Plaintiff

_s/Rebecca Warinner_
#5034265