Mark Brnovich
Attorney General

Michael K. Goodwin, Bar No. 014446
Ann Hobart, Bar No. 019129
Assistant Attorneys General
1275 W. Washington
Phoenix, Arizona 85007-2997
Telephone: (602) 542-7674
Facsimile: (602) 542-7644
Michael.Goodwin@azag.gov
Ann.Hobart@azag.gov

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Otto Schwake,<br><br>   Plaintiff,<br><br>vs.<br><br>Arizona Board of Regents, etal.,<br><br>   Defendants. | Case No. CV15-00696-PHX-SPL<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS** |

Plaintiff's Response to the Motion to Dismiss is oddly disconnected from the factual allegations and parties in this case. This action stems from the disciplinary action taken against Plaintiff when he was a student at Arizona State University. The disciplinary sanction—a limited campus access restriction following his graduation—is not identified in Plaintiff's Response. But it is an important fact because it helps shape the analysis of, among other things, Plaintiff's § 1983 due process claims.

Defendants Arizona Board of Regents (ABOR), Michael Crow, Kevin Cook, Norean Sablan, Ron Hicks, Gregory Castle, and Thomas Seager submit this reply memorandum in support of their Motion to Dismiss First Amended Complaint. As explained more fully below, Plaintiff (1) fails to sufficiently plead that he was deprived of a protected property or liberty interest, much less that any Defendant deprived him of

such a right without due process; (2) fails to allege any facts to support a substantive due process claim; (3) fails to allege a violation of the right of privacy; (4) fails to show that any of the individual Defendants violated clearly established constitutional rights; and (5) fails to allege facts to plausibly suggest that led to an erroneous outcome in the university's disciplinary process.

**I. The University's disciplinary notices and Student Code of Conduct may properly be considered.**

As an initial matter, Plaintiff objects to the exhibits to the Defendants' motion and incorrectly argues that the court may not consider them. (Response at 2-3.) Although he recognizes that materials not attached to the complaint may be considered on a Rule 12(b)(6) motion in some circumstances, he contends that the exhibits here should not be considered without even analyzing them under the applicable principles.

Courts may take into account "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 379 F.3d 1068, 1076 (9th Cir. 2005); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may treat such documents as part of the complaint, and consideration of them does not convert a Rule 12(b)(6) motion into one for summary judgment. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012). In this case, Defendants attached ASU's August 14, 2014 Notice Letter as Exhibit 1 to the Motion to Dismiss. Plaintiff describes and quotes from that document in paragraphs 29, 30, 31, and 33 of his complaint as well as in his Response (at page 6). Exhibit 2, the Student Code of Conduct, is cited in paragraphs 44 and 45 of Plaintiff's complaint. Exhibit 3, the November 5, 2014 Notice letter, is cited in paragraph 79 of the complaint. Plaintiff's reference to and reliance on these items in his complaint makes them appropriate for consideration.

In addition, the Court can and should take judicial notice of the Student Code of Conduct. (MTD Ex. 2.) The Ninth Circuit and district courts within the circuit have said that the records and reports of administrative bodies are proper subjects for judicial

notice. *See, e.g., Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). These courts have specifically taken notice of policies and other documents of state universities. *E.g., ASU Students for Life v. Crow*, 357 F. App'x 156, 157-58 (9th Cir. 2009) (taking judicial notice of ASU's outdoor events policy); *Disabled Rights Action Comm. v. Las Vegas Events*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (taking judicial notice of state university's licensing agreements); *Karasek v. Regents of Univ. of California*, 226 F. Supp. 3d 1009, 1013-14 (N.D. Cal. 2016) (taking judicial notice of university's sexual misconduct and other policies).

## II. Plaintiff fails to allege a constitutional violation.

### A. Plaintiff was not deprived of a constitutionally protected interest.

#### 1. Property Interest

Plaintiff argues that he was deprived of a property interest. (Response at 3-4.) He cites a few cases that, according to him, have recognized a property interest in continued enrollment at a public institution of higher learning. But Plaintiff does not examine the reasoning of those cases or, more important, perform the analysis required to establish a constitutionally protected property interest in this case.

To have a property interest, a person must have "a legitimate claim of entitlement to it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Property interests are not created by the Constitution but by state law. *Id.* Plaintiff's facile observation that courts elsewhere have recognized a property interest in "continued enrollment" does not address whether Arizona law gave Plaintiff a legitimate claim of entitlement to the benefits in question here. This case presents no issue regarding whether Plaintiff had a property interest because "Plaintiff did graduate." (FAC, ¶ 98.) Rather, the issue is whether he had a legitimate claim of entitlement to access two buildings on campus or to hold a post-doctoral position. Plaintiff fails to point to any provision of state law that created such a claim of entitlement.

#### 2. Liberty Interest

1    Plaintiff next argues that he has alleged the deprivation of a protected liberty interest to pursue his chosen occupation. (Response at 4.) He cites to allegations that his research opportunities diminished and contends that this meets the "stigma plus" test announced in *Paul v. Davis*, 424 U.S. 693 (1976). (Response at 4-5.) He is wrong.

To plead a deprivation of liberty under the "stigma plus" test, a plaintiff must allege state action resulting in reputational injury (the stigma) as well as the alteration or termination of a right or status previously recognized by state law (the plus). *Id*. at 711. In *Paul*, the local police provided merchants with flyers containing the names and photographs of "active shoplifters," including the plaintiff. The plaintiff, who had been charged but not convicted of shoplifting, filed suit alleging that his business relationships and future employment opportunities would be harmed. Although the plaintiff sufficiently alleged reputational injury, it was not enough. Because he failed to allege that a legal right or status was altered or extinguished, the Court ruled that he failed to state a liberty interest claim. *Id*. at 711-12. In reaching that result, the Court distinguished *Goss v. Lopez*, 419 U.S. 565 (1975), which had said that a school suspension may implicate a liberty interest protected by due process. The *Goss* Court had noted possible damage to the students' reputations, the Court explained, but it "also took care to point out that Ohio law conferred a right upon all children to attend school, and that the act of school officials suspending the student there involved resulted in a denial or deprivation of that right. *Id*. at 710.

Plaintiff has not alleged a protectable liberty interest under the stigma plus test. He primarily alleges that his research opportunities diminished. Besides being conclusory, his allegations are insufficient to plausibly suggest that he has been effectively foreclosed from working in his chosen field. *See Blantz v. California Dep't of Corrections & Rehab.*, 727 F.3d 917, 925 (9th Cir. 2013) (stating that actions that merely cause "reduced economic returns or diminished prestige, but not permanent exclusion from, or protracted interruption of, gainful employment within the trade or profession" do not constitute a deprivation of liberty) (quoting *Stretten v. Wadsworth*

*Veterans Hosp.*, 537 F.2d 361 (9th Cir. 1976)). Moreover, Plaintiff has provided no allegations that the disciplinary action taken against him altered or extinguished any legal right or status. *See Zavareh v. Nevada ex rel. Bd. of Regents*, 2013 WL 5781729, at *7 (D. Nev. 2013). In short, Plaintiff has not sufficiently pleaded the stigma or the plus component, and thus has not pleaded a deprivation of liberty.

### B. Plaintiff has not alleged that the procedures were constitutionally inadequate.

Plaintiff argues that he was not given "an opportunity to be heard in a meaningful time and in a meaningful manner." (Response at 6.) But again, he fails to apply the proper analytical framework to the factual allegations and parties in this case.

Plaintiff's main contention is that he was not provided an appeal hearing to contest his suspension. (Response at 6-7.) In support of this contention, he cites three case—*Nash, Gomes*, and *Foo—*that supposedly illustrate that a formal hearing is required to adjudicate cases of student misconduct. His reliance on those cases is misplaced because they all involved suspensions. See *Nash v. Auburn Univ*. 812 F.2d 655, 656 (11th Cir. 1987); *Gomes v. Univ. of Main System*, 365 F. Supp.2d 6, 12 (D. Me. 2005); *Foo v. Trustees, Indiana Univ.*, 88 F. Supp.2d 937, 946 (S.D. Ind. 1999).[1] The instant case is *not* a suspension case. True, Plaintiff was informed that he was being suspended. (FAC, ¶ 42.) He filed an appeal, which automatically stayed the suspension. Thereafter, ASU amended the sanction from a suspension to a campus access restriction. (FAC, ¶¶ 92-96.) Plaintiff graduated with a degree in his chosen field. (FAC, ¶ 98.) In other words, he was ultimately not suspended.

---

[1] *Foo* is a factually complicated case. The plaintiff there, a student at IU, was disciplined five times. The first three times he was disciplined following informal conferences. The first time he was ordered to attend an alcohol education program; the second time he was placed on probation, and the third time he was given a behavioral contract. When he misbehaved again, he faced a possible suspension and, the next time, a possible expulsion. For the suspension and the expulsion, he was afforded more formal appeal hearings. He contended in his lawsuit that IU was required to give him a formal appeal hearing in connection with the behavioral contract sanction, but the court rejected that claim. 88 F. Supp.2d at 1052.

5

As explained in the Motion to Dismiss, due process does not require a full dress hearing every time a student is accused of misconduct. Where the student has a constitutionally protected interest, he or she is entitled to "some kind of notice" and "some kind of hearing." *Goss v. Lopez*, 419 U.S. 565, 579 (1975). What process is due in a given case depends on a balancing of competing interests. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). In this case, Plaintiff was given written notice of the charges against him. (FAC, ¶¶ 29-30.) He was given two opportunities to meet with the investigator to respond to the charges. (*Id*., ¶¶ 33-34, 39) He also submitted a written response. (*Id*. ¶¶ 39-41.) Although he was found responsible, he was not ultimately suspended. (*Id*., ¶ 92.) Nor was he expelled. Rather, he was permitted to complete the requirements of his Ph.D. program and graduate. (*Id*.) To be sure, Plaintiff was given a campus access restriction and precluded from doing post-doctoral research at ASU. (*Id*.) Assuming this sanction implicated a constitutionally protected interest, the due process afforded to Plaintiff was appropriate to the nature of the case.

**C.     Plaintiff has not alleged a violation of substantive due process.**

Plaintiff contends that *C.R. v. Eugene School Dist. 4J*, 835 F.3d 1142 (9th Cir. 2016), does not foreclose a substantive due process claim. But he does not meaningfully distinguish it or, for that matter, any of the plethora of cases that have rejected substantive due process claims in the school discipline context. Plaintiff also fails to cite any case that would support a substantive due process claim in this context. His sole argument is that the university's disciplinary process lacked adequate procedural safeguards. That contention is properly analyzed under the rubric of procedural due process. In any event, the allegations here are insufficient to state a violation of substantive due process.

**D.     Plaintiff has not alleged a violation of the constitutional right to privacy.**

Plaintiff maintains that the Constitution protects a person's right of informational privacy, even while acknowledging that the Ninth Circuit decision upholding that right was reversed by the Supreme Court. See *Nelson v. NASA*, 562 U.S. 134 (2011). Even if

the right exists, Plaintiff has not alleged a violation of it. He alleges that Defendant Seager talked about his disciplinary case. But he cites no authority holding that a discussion of a student disciplinary matter is a constitutional violation, and he fails to allege the disclosure of any specific private fact forbidden by the Constitution.

### III. Plaintiff provides no allegations that any Defendant violated clearly established constitutional rights.

Plaintiff argues that "the fundamental requirement of an opportunity to be heard at a meaningful time and in a meaningful manner has long been recognized" and that a constitutional "right to privacy is also clearly established." (Response at 9-10.) These broad assertions misperceive the second prong of the qualified immunity analysis.

The Supreme Court has said repeatedly that clearly established law cannot be defined at such a high level of generality, and the right allegedly violated must have been clearly established in a more particularized sense. *Anderson v. Creighton*, 483 U.S. 635, 639-40 (1987); *see also Reichle v. Howards*, 566 U.S. 658 (2012) (inquiry into whether a right is clearly established should not be undertaken as a "broad general proposition"). The Court must analyze whether the "contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640. "For federal law to be clearly established, there must be fairly close factual correspondence between the prior precedents and the case at hand." *Torres v. Goddard*, 194 F. Supp.3d 886, 895-96 (D. Ariz. 2016) (quoting Martin A. Schwartz, Fed. Judicial Center, *Section 1983 Litigation*, 147 (3d Ed. 2014)). "The dispositive question is whether the violative nature of *particular* conduct is clearly established." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (emphasis in original).

The crux of Plaintiff's procedural due process claim is that he was not given an appeal hearing. (Response at 6-7, 10.) The question then is whether he had a clearly established right to an appeal hearing under the particular circumstances of this case. As previously noted, due process is flexible and does not always require a formal hearing. *Goss v. Lopez* teaches that an "informal give-and-take between student and disciplinarian

7

will often provide ample due process in the school discipline context. 419 U.S. at 579. Of course, the determination of what process is due turns on the balancing of competing interests. *See Mathews*, 424 U.S. at 335. Because procedural due process analysis essentially boils down to an ad hoc balancing inquiry, the law regarding procedural due process claims "can rarely be considered 'clearly established' at least in the absence of closely corresponding factual and legal precedent." *Brewster v. Bd. of Educ. of Lynwood Sch. Dist.*, 149 F.3d 971, 983 (9th Cir. 1998).

Plaintiff fails to point to any "closely corresponding factual and legal precedent" that would have put a reasonable official on notice that a formal appeal hearing was constitutionally required for placing a limited restriction on a student's access to campus following graduation. While Plaintiff was initially told that he was being suspended, the sanction was changed to a campus access restriction. At that point, he had been given notice of the charges against him and multiple opportunities to present his side of the story. He in fact provided a written response to the investigator. (FAC, ¶¶ 39-41.) He was not facing suspension or expulsion; he was proceeding to graduation. Under the circumstances, a reasonable official objectively could have believed that the procedures afforded Plaintiff were constitutionally adequate. Plaintiff had not shown that any of the Defendants violated any clearly established procedural due process rights.

Plaintiff cites no precedent that would have put a reasonable official on notice that the Defendants' alleged actions violated substantive due process. Indeed, Plaintiff makes no argument that any of the Defendants violated any clearly established right to substantive due process.

Plaintiff does assert that the right to privacy is clearly established. (*Id.* at 10.) Upon closer examination, he argues only for the existence of such a right. He makes no argument that it is clearly established in a particularized sense. He alleges that some of the Defendants discussed his disciplinary case. What they said is not alleged. Regardless, Plaintiff has cited no precedent indicating that the violative nature of the particular conduct was clearly established.

Plaintiff has the burden of showing that the rights in question were clearly established. *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011). He has not remotely met this burden. Because the individually named Defendant did not violate any clearly established rights, they are entitled to qualified immunity on Plaintiff's § 1983 claims.

**IV. Plaintiff has not alleged facts to raise a plausible inference that gender bias led to an erroneous outcome.**

Plaintiff's sole argument regarding Title IX rests on a strained comparison to *Doe v. Columbia University*, 831 F.3d 46 (2d Cir. 2016). In that case, the complaint contained allegations

> that during the period preceding the disciplinary hearing, there was substantial criticism of the University, both in the student body and in the public media, accusing the University of not taking seriously complaints of female students alleging sexual assault. It alleges further that the University's administration was cognizant of, and sensitive to, these criticisms, to the point that the President called a University-wide open meeting with the Dean to discuss the issue.

*Id.* at 57. The court deemed this sufficient "to support at least the needed minimal inference of sex bias." *Id.* at 59.

The instant case is readily distinguishable. There are no allegations here that a toxic climate existed at ASU that infected the disciplinary process with gender bias. Plaintiff points to his allegation that in 2014, the U.S. Department of Education began investigating ASU for its handling of sexual misconduct complaints. (FAC, ¶ 27.) That allegation does not support a plausible inference of gender bias. *Doe v. Univ. of Colorado Boulder,* 2017 WL 2311209, at * (D. Colo. 2017. Plaintiff's allegations concerning the investigation and disciplinary action (*Id.*, ¶¶ 124-131) are conclusory and also not connected to gender bias. The allegations are insufficient to plausibly suggest that gender bias led to an erroneous outcome, and thus they fail to state a claim under Title IX.

**V.     Conclusion**

For the foregoing reasons, Plaintiff's First Amended Complaint should be dismissed, this time with prejudice

Respectfully submitted this 18th day of August, 2017.

                                    Mark Brnovich
                                    Attorney General


                                    s/Michael K. Goodwin
                                    Michael K. Goodwin
                                    Ann Hobart
                                    Assistant Attorneys General
                                    Attorneys for Defendants

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant, this 18th day of August, 2017, to:

Paul S. Banales
Law Office of Paul S. Banales
2996 East Greenlee St.
Tucson, AZ  85716
Attorney for Plaintiff


 s/Michael Goodwin
#6136528